DISSENT SUHRHEINRICH, Circuit Judge, dissenting. '. In this unusual appeal of ¿‘copyright infringement action, Team, the prevailing party, challenges the form of the judgment in its favor because the judgment does not identify the defendant. The majority characterizes this as a case of first impression and also holds that remand is required'under Shane because the district court failed to apply Shane’s “strong presumption in favor of openness as to court records.” See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). Although Shane is instructive, it is not binding because it deals with the sealing of court records, whereas the issue in this case is concealing the identity of an adjudged copyright infringer. Copyright infringement is not protected speech—just like obscenity or fighting words. If Doe’s speech is not protected, then no balancing is required. To the extent that unmasking him here will harm his ability to exercise his right to anonymous speech in the future, that is collateral to the issue before us and therefore not properly considered in this proceeding. I see no need for further analysis and.would remand with instructions that the district court reveal Doe’s identity. The judgment in this case embodies the district court’s holding that Doe, by his actions in posting a full copy of Team’s copyrighted Work on the Internet for anyone to download for free, infringed Team’s copyright in violation .of, the Copyright Act. The .flip side of that finding is that Doe was not engaging in First Amendment protected speech. As the Second Circuit has observed: “The First Amendment does not .,. provide a license for copyright infringement.... Thus, to the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, ⅜ .is unprotected by the First Amendment” Arista Records, LLC v. Doe 3, 604 F.3d 110, 118 (2d Cir. 2010) (citing Harper & Row, Publishers, Inc. v. Nation Enters., 471 U.S. 539, 555-57, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985) and Cable/Home Commc’n Corp. v. Network Prods., Inc., 902 F.2d 829, 849 (11th Cir.1990)). The fact that Doe used his anonymous blog to commit the infringement does not alter the conclusion, expressed in the judgment, that Doe committed copyright infringement, and by implication, was not engaging in free speech when he posted that hyperlink. Doe’s identity was entitled to limited protection at the discovery stage because, at that point, it was not clear whether he had committed any wrong, and disclosure of his identity would cause irreparable harm in the event it was determined that he was innocent of copyright infringement and properly engaging in protected anonymous speech. .For this reason, the Art of Living balancing test was properly applied during the discovery phase. But it is a temporal and temporary measure, created to facilitate discovery and to protect innocent defendants. It should not be extended to shield an adjudicated copyright infringer from the ramifications of the judgment against him. Having rejected Doe’s fair use and copyright misuse defenses, having determined that Doe was liable for copyright infringement, and having ordered in-junctive relief, there was no legal basis for entering a judgment that did riot identify Doe. Thus, the district court erred in reapplying the Art of Living test after it had determined that Doe (by his own admission) was liable for copyright infringement and placing the burden on Team to establish why unmasking Doe’s identity was necessary. ■ The majority acknowledges that “the entry of judgment' against a Doe defendant largely eliminates” the need to protect a potentially nonliable defendant during the discovery phase, op. at 836, but then inexplicably concludes, without reasoning or support, that “where the anonymous defendant is determined to have fully complied with the relief granted, there is no practical need to unmask the defendant,” id. Properly translated, this means that a copyright infringer retains the right to remain anonymous if he committed the copyright violation in some sort of proximity to protected anonymous speech. No one has cited, nor can I find, any legal authority allowing an adjudicated copyright in-fringer to remain anonymous after entry of judgment against him. Thus, Doe has no First Amendment right to be balanced. More fundamentally, I simply do not understand how an injured plaintiff has “no practical need” to know who caused that injury. A judgment in an in personam action is meant to bind the parties to the court’s order. Ordering injunctive relief against Doe without identifying him minimizes the effect of the court’s order, downplays the significance to Doe, encourages future misconduct, and hinders Team’s ability to monitor compliance. The first three concerns are substantiated by Doe’s motion for attorney’s fees. In the motion, Doe asserts that “Doe prevailed,” R. 65, ID# 1834, since the district court “neither granted an injunction against future infringement of the Work, nor did it strip Doe of his anonymity.” R. 65, ID# 1834 (emphasis added). Thus, according to Doe, Team obtained “only a technical or de minimis victory.” Id. In Doe’s eyes—an adjudged copyright infringer—he won this case because the district court did not unmask him. Leaving him masked gives him a blueprint to do this all over again. The district court’s solution as to the fourth factor—monitoring compliance—is problematic. The district court knows Doe’s real name, but monitoring blog sites on the internet is not a proper task for the judiciary. Team’s attorneys know his name too, but this requires Team to pay its attorneys to monitor Doe indefinitely. Such an approach also interferes with the attorney-client privilege. The majority posits that future monitoring is unnecessary, because Doe has already complied with all aspects of the court’s order. But if I were Team, I would want to keep an eye on Doe’s future behavior. As it currently stands, Team lacks that ability, and neither the district court nor Team’s attorneys have any legal responsibility to do so either. The majority’s concern here is like that of an overprotective parent. Doe should not be shielded from the consequences of his own actions, since he could have preserved his right to speak freely and anonymously by simply refraining from copyright infringement.